UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|                              |   |                   |
| ---------------------------- | - | ----------------- |
| UNITED STATES OF AMERICA     | ) |                   |
|                              | ) |                   |
| v.                           | ) | CR. No. 08-141 S  |
|                              | ) |                   |
| JOSE ANTONIO LAZALA          | ) |                   |

## **ORDER**

WILLIAM E. SMITH, United States District Judge.

On May 1, 2012, Defendant-Petitioner Jose Lazala filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (ECF No. 231.) Lazala alleged ineffective assistance of counsel, and his argument was based, in part, on the Supreme Court's decision in Padilla v. Kentucky, 559 U.S. 356 (2010). On July 29, 2013, this Court issued a Memorandum and Order denying and dismissing Lazala's motion. (ECF No. 249.) Lazala now moves, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, for the Court to reconsider this ruling.[1] (ECF No. 250.)

To the extent the instant motion merely reasserts Lazala's Padilla argument, it is an improper "second or successive"

---

[1] The day before he filed the instant motion to reconsider, Lazala also filed a notice of appeal regarding this Court's order denying and dismissing his § 2255 motion. (ECF No. 251.) The First Circuit Court of Appeals subsequently indicated that the notice of appeal would not become effective until this Court's ruling on the motion for reconsideration. (ECF No. 259.)

petition and, accordingly, must be dismissed. See Munoz v. United States, 331 F.3d 151, 152–53 (1st Cir. 2003).

Lazala also seeks leave to amend his § 2255 motion but neglects to explain his desired amendment. The only legal argument referenced in his motion is predicated on Padilla. Any amendment regarding this claim would be futile. To the extent Lazala contests the validity of the prior conviction resulting in his deportation and the present illegal re-entry charge, his challenge would be more properly directed at the prior conviction itself. See United States v. Arroyo-Garcia, 751 F. Supp. 172, 173 (D. Nev. 1990) ("Although the authority on whether a defendant may attack an earlier criminal conviction in a prosecution under 8 U.S.C. § 1326 is scant, the few cases on point, although old, do suggest that defendant cannot."). To the extent Lazala contends that defense counsel in the present case failed to advise him of the immigration consequences of his guilty plea, his claim is utterly implausible. Indeed, Lazala had been previously deported for a different conviction, and he does not explain how his guilty plea in the present case altered his immigration status.

Finally, Lazala asserts that he should be given the opportunity to respond to an unspecified report and recommendation by a magistrate judge, which he claims to have never received. However, there was no report and recommendation

issued in connection with Lazala's § 2255 motion. This Court issued an order denying and dismissing that motion. Indeed, Lazala attached a copy of the Court's order to his motion for reconsideration.

For the foregoing reasons, Lazala's motion for reconsideration is DENIED.

IT IS SO ORDERED.

*/s/ William E. Smith*

William E. Smith
United States District Judge
Date: October 21, 2013